UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RICHARDS,<br>　　　　Plaintiff,<br>　　v.<br>ROCHELLE P. WALENSKY, et al.,<br>　　　　Defendants. | Case No. 21-cv-05128-HSG<br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br>Re: Dkt. Nos. 2, 3 |

Plaintiff Larry Richards, representing himself, has filed a complaint against numerous Defendants, including various government officials and Dr. Masami Hattori (collectively "Defendants"). Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* and a motion for a temporary restraining order. *See* Dkt. Nos. 2–3.

## I.  INTRODUCTION

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed Plaintiff's application, the Court finds that he is unable to pay the full amount of fees, costs or give security. Nevertheless, the Court finds that the action fails as currently pled to state a claim on which relief may be granted and accordingly **DENIES** the motion to proceed *in forma pauperis*.

## II.  LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before

directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

Plaintiff filed a complaint on July 2, 2021. *See* Dkt. No. 1 ("Compl."). On the same day, Plaintiff also filed a motion asking the Court to issue a temporary restraining order "restraining the Defendants from continuing to reduce the quantities" of his prescriptions. Dkt. No. 3 at 4. The complaint consists of a single paragraph followed by several articles relating to opioids. *See generally* Compl. Plaintiff details that he is experiencing "extreme pain and lack of his proper dosages of Oxycontin 30 and Methadone 10." *Id.* at 4. The complaint otherwise contains no allegations concerning the Defendants identified and does not identify any legal authority forming the basis of his complaint. Plaintiff effectively acknowledges that the complaint is deficient. *See id.* (noting that the complaint is not "proper"). But he argues that the Court must accept the complaint as sufficient under *Canty v. City of Richmond, Virginia, Police Dep't*. *See* 383 F. Supp.

2

1396, 1398–1400 (E.D. Va. 1974), *aff'd sub nom. Canty v. Brown*, 526 F.2d 587 (4th Cir. 1975) (liberally construing a complaint by a pro se civil rights plaintiff). As previously noted, under binding Ninth Circuit authority, the Court liberally construes the pleadings to do justice.[1]

However even liberally construed, the Court cannot decipher the causes of action from the single allegation and various articles attached to the complaint. The articles concern the "physical violence faced by pain-management physicians," *id.* at 5, the threats doctors "who say no to opioid use face," *id.* at 11, the "opioid-prescribing debate," *id.* at 16, and the CDC guidelines for "opioid prescriptions for chronic pain," *id.* at 23. The Court gathers that Plaintiff believes that his prescription doses should be different than what someone is proposing, but as currently pled, the complaint fails to state a claim on which relief may be granted. Federal Rule of Civil Procedure 8 requires a short and plain statement of the legal claims. Additionally, a pleading that offers naked assertions devoid of further factual enhancement does not suffice. *Iqbal*, 556 U.S. at 677–78.

Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). The Court thus **DENIES** the motion to proceed *in forma pauperis* without prejudice and **DISMISSES** the complaint **WITH LEAVE TO AMEND**. And the Court **DENIES** the motion for a temporary restraining order without prejudice to renewal following the filing of a complaint that sufficiently alleges a claim for relief.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** the complaint **WITH LEAVE TO AMEND**. And the Court **DENIES** the motion for a temporary restraining order. Plaintiff shall file an amended complaint and motion to proceed *in forma pauperis* within forty-five (45) days of the date of this order.

In preparing an amended complaint, Plaintiff must, for each cause of action, list the defendant that committed the alleged constitutional or legal violation, specify the constitutional or

---

[1] The Court is required to follow the binding Ninth Circuit authority described above, not the out-of-circuit decisions of the district court and Fourth Circuit in *Canty*.

3

legal provision violated, and specify the actions or inactions that constituted a constitutional or legal violation.  The Court will not attempt to identify causes of actions or defendants from a narrative of events, and Plaintiff cannot rely on attached articles as a substitute for meeting the pleading requirements described in this order.  Plaintiff also cannot file a piecemeal complaint or TRO application, *see* Dkt. No. 2-1 at 5 ("I have not been able to finish all of this filing and will have to add to it tomorrow and next week to hopefully finish this paperwork I know it is incomplete so please bare [sic] with me.").  Instead, Plaintiff needs to lay out the required short, plain and clear statement as described above, so the Court can evaluate whether there is a sufficient legal basis for the claims.

Plaintiff should understand that his disagreement with his physicians' apparent prescribing decisions alone does not give rise to a federal claim.  Plaintiff needs to explain what is happening and let the Court know why he contends the actions alleged are unconstitutional or illegal, as opposed to just unwise or unjustified in Plaintiff's opinion.  Absent an adequate legal basis, the Court does not have freestanding authority to manage the details of Plaintiff's medical care.  The Court understands that Plaintiff is frustrated, and does not minimize that frustration or the physical pain described in the complaint.  But this case can only proceed if Plaintiff meets the legal requirements for doing so, and the current complaint does not.

**IT IS SO ORDERED.**

Dated: 7/6/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge