UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RICHARDS,<br><br>   Plaintiff,<br><br> v.<br><br>ROCHELLE P. WALENSKY, et al.,<br><br>   Defendants. | Case No. 21-cv-05128-HSG<br><br>**ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 9 |

On July 2, 2021, Plaintiff Larry Richards, representing himself, filed a complaint against numerous Defendants, including various government officials and Dr. Masami Hattori (collectively "Defendants"). Dkt. No. 1. On the same day, Plaintiff also filed a motion asking the Court to issue a temporary restraining order "restraining the Defendants from continuing to reduce the quantities" of his prescriptions. Dkt. No. 3 at 4. On July 6, 2021, the Court denied Plaintiff's motion to proceed *in forma pauperis* and the motion for a temporary restraining order without prejudice. Dkt. No. 7 ("Order") at 3. Pending before the Court is Plaintiff's first amended complaint and renewed motion for a temporary restraining order. *See* Dkt. Nos. 8 ("FAC"), 9 ("Mot.").[1]

The Court finds that the amended complaint again fails to state a claim on which relief may be granted. The Court previously noted that Plaintiff "cannot file a piecemeal complaint or TRO application." Order at 7. But contrary to the Court's instructions, Plaintiff has done so and acknowledges that his new filings are deficient. *See* FAC at 2 –3 (noting he is not able to

---

[1] Though Plaintiff did not file a renewed motion to proceed *in forma pauperis*, he did not pay the filing fee, and the Court thus again screens the complaint under Section 1915(e)(2) to determine if the complaint states a claim for relief. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 & n.8 (9th Cir. 2015). As noted in the Court's prior order, there is no dispute that Plaintiff appears unable to pay the filing fee. Dkt. No. 7 at 1.

"formulat[e] a proper complaint at this time"); *id.* at 12 ("This is only a partial and incomplete complaint . . . ."); Mot. at 1 ("I just need another 10 to 15 days to finish this new portion of my case . . . .").[2] Additionally, Plaintiff did not address the other deficiencies the Court identified in its order. *See* Order at 3–4. Plaintiff must meet the basic pleading requirements to allow the Court to evaluate whether there is a sufficient legal basis for the claims. For example, Plaintiff references the Eighth Amendment right to medical treatment, but that amendment only applies to prisoners (and while Plaintiff argues that he is a "prisoner in confinement to Defendants" apparently based on their treatment decisions, it is clear he is not incarcerated). So it still is entirely unclear what the adequate *legal* basis is for Plaintiff's claim against *any* of the Defendants, or what exactly each Defendant is alleged to have done that violated the law.

The Court thus **DISMISSES** the amended complaint **WITH LEAVE TO AMEND**. And the Court **DENIES** the motion for a temporary restraining order without prejudice to renewal following the filing of a complaint that sufficiently alleges a claim for relief.

The Court will give Plaintiff one final chance to file an amended complaint and motion to proceed in forma pauperis within forty-five (45) days of the date of this order. Prior to filing an amended complaint, the Court directs Plaintiff to carefully review the notice of deficiencies from the previous order and this order. Plaintiff's amended complaint will be dismissed in its entirety without further leave to amend if it does not correct the deficiencies the Court has identified. The Court does not "have to," Dkt. No. 9, and will not, consider piecemeal filings, "look up related article[s]," Dkt. No. 8 at 6, or otherwise piece together Plaintiff's claims. It is Plaintiff's responsibility to articulate a short and plain statement of his claims in a single complaint, as explained in the Court's prior order, and he should take whatever time he needs to satisfy the rules that apply to this case. No temporary restraining order can issue, or even be considered, until Plaintiff does this, because the Court still has no idea whether there is a viable legal claim here

---

[2] Plaintiff again argues that the Court must accept the complaint as sufficient under Fourth Circuit authority. FAC at 4. The Court reiterates that, under binding Ninth Circuit authority, the Court liberally construes the pleadings to do justice. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

(and one of the factors the Court must consider in deciding whether such a restraining order is appropriate is the likelihood of success on the merits of the claims).

The Court encourages Plaintiff to seek free assistance from the Northern District's Pro Se Help Desk. Appointments can be made by emailing fedpro@sfbar.org or by calling 415–782–8982.

**IT IS SO ORDERED.**

Dated: 7/22/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge